# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VICTOR PAULINO,              )
                                   )     Civil Action No.  09 - 16J
              Petitioner,      )
                                   )
v.                                )     Magistrate Judge Lisa Pupo Lenihan
                                   )
UNITED STATES OF AMERICA,   )
                                   )
             Respondent.     )

## MEMORANDUM OPINION AND ORDER

Petitioner, Victor Paulino, is a federal prisoner who is challenging his mandatory consecutive sentences he received for various firearms violations. For the reasons set forth below, this action will be dismissed in accordance with the directives of the federal habeas corpus statute, as amended.

### A. Relevant Factual History

Victor Paulino was indicted in 1991 for his involvement in a racketeering enterprise operated in the Southern District of New York and elsewhere from 1989 to 1991. Paulino fled to the Dominican Republic but was extradited to this country in 1999. On October 6, 1999, in the United States District Court for the Southern District of New York, Paulino entered a guilty plea to a superseding criminal Information charging him with participation in a racketeering enterprise, in violation of 18 U.S.C. § 1961 and § 1962(c), and use of a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c). In the plea agreement, Paulino acknowledged his participation as a coconspirator in the plan to murder the Lugo brothers, as well as his supervisory role overseeing the packaging of cocaine for retail sale. The plea agreement contained a stipulated total sentence, pursuant to the Sentencing Guidelines, of twenty-five years imprisonment for both counts of the Information. Paulino further stipulated that he would neither "appeal, nor otherwise

litigate under Title 28, United States Code, Section 2255, any sentence at or below the Guidelines sentence" set forth in the agreement. On January 18, 2000, Petitioner was sentenced to a term of imprisonment of 20 years (240 months) for Participation in a Racketeering Enterprise, in violation of 18 U.S.C. §§ 1961 and 1962(c) and 5 years (60 months) for Use of a Firearm in Connection with a Crime of Violence, in violation of 18 U.S.C. § 924(c), to be served consecutively and followed by three years of supervised release on each count to be served concurrently.

On January 17, 2001, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 in the United States District Court for the Southern District of New York claiming: 1) the criminal Information was defective because it failed to specify the quantity of cocaine and type of firearm(s) involved in the charged offenses; 2) he received an unlawful sentence because there was insufficient evidence of his involvement in the conspiracy to commit murder and of the quantity of cocaine involved in the RICO offense; and 3) he received ineffective assistance of counsel. On June 6, 2001, his motion was denied. See Paulino v. United States, Civ No. 01-1174, 2001 WL 630486 (S.D.N.Y. June 6, 2001).

On November 10, 2004, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Northen District of Ohio alleging ineffective assistance of counsel. On January 19, 2005, the District Court dismissed the Petition because Petitioner failed to show that he was entitled to bring the action pursuant to 28 U.S.C. § 2241. Petitioner appealed this determination and the Court of Appeals for the Sixth Circuit affirmed the district court's decision on October 31, 2005. On October 2, 2006, the United States Supreme Court denied Petitioner's writ of certiorari.

On October 17, 2006, Petitioner filed a second Motion to Vacate, Set Aside, or Correct his

sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Southern District of New York. That Court transferred the motion to the Court of Appeals for the Second Circuit as a second or successive § 2255 motion. On March 30, 2007, the Court of Appeals denied Petitioner permission to file a second 2255 motion.

On January 27, 2009, Petitioner filed in this Court a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, this Court does not have subject matter jurisdiction to reach Petitioner's claims.

## B. Applicable Legal Standards - § 2241 v. § 2255

Through the instant action, Petitioner is attempting to collaterally attack his federal sentence via a petition for a writ habeas corpus under 28 U.S.C. § 2241. However, a motion under 28 U.S.C. § 2255 is the proper procedure for a federal prisoner to raise a collateral attack on his or her federal sentence for any error that occurred at or prior to sentencing. *See* In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997); Cox v. Warden, Federal Detention Center, 911 F.2d 1111, 1113 (5th Cir. 1990).

28 U.S.C. § 2255, in relevant part, provides as follows.

> 2255. Federal custody; remedies on motion attacking sentence
>
> A prisoner in custody under [a federal] sentence claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> . . .
>
> An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

28 U.S.C. § 2255.

Petitioner brings this Petition under 28 U.S.C. § 2241 seeking to vacate his federal sentence. As stated above, a challenge to a federal sentence *as imposed*, must be made under 28 U.S.C. § 2255; a claim concerning *execution* of a sentence may be brought under 28 U.S.C. § 2241. *See* Gomori v. Arnold, 533 F.2d 871 (3d Cir.), *cert. denied*, 429 U.S. 851 (1976); Bennett v. Soto, 850 F.2d 161 (3d Cir. 1988). Notwithstanding, Petitioner asserts that he is entitled to bring this action under 28 U.S.C. § 2241 because a motion under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. In this regard, Petitioner points to the following statutory language in 28 U.S.C. § 2255.

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255 (emphasis added).

However, the remedy available under 28 U.S.C. § 2241 for a federal prisoner to raise a collateral attack on his or her sentence is strictly limited to situations where a petitioner is completely barred from seeking any collateral review under the new provisions of the AEDPA.

The Court of Appeals for the Third Circuit explained the limited nature of § 2241 relief in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). In that case, the Petitioner, Dorsainvil, had been convicted of a violation of 18 U.S.C. § 924(c)(1), which imposes punishment upon a person who "during and in relation to any ... drug trafficking crime ... uses or carries a firearm." At his trial, Dorsainvil testified that he possessed the gun but denied that the gun was related in any way to the drug transaction, stating that he bought it for protection while living in Florida. The jury convicted him on all counts. Thereafter in 1993, Dorsainvil unsuccessfully sought collateral relief from his

sentence under 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel and double jeopardy. In December of 1995, the Supreme Court decided <u>Bailey v. United States</u>, 516 U.S. 137, 150 (1995), wherein it held that the "use" language in 21 U.S.C. § 924 required the government to prove that the defendant "actively employed the firearm during and in relation to the predicate crime." Sometime in the summer of 1996, Dorsainvil filed a second § 2255 petition in the district court. In his second 2255 motion, Dorsainvil asserted that there was insufficient evidence to show that he actively employed a firearm in relation to a drug trafficking crime and, as a consequence, his conviction under 21 U.S.C. § 924 was unlawful.

The district court ruled that it did not have jurisdiction to address Dorsainvil's second 2255 motion due to the new "gate-keeping" provisions enacted in the AEDPA. In this regard, Congress enacted "gatekeeping" provisions in the AEDPA to prohibit prisoners from filing successive actions in federal court for collateral relief. The new provisions require a prisoner to obtain a certification from a three judge panel of the appropriate court of appeals before a successive motion for collateral relief may be considered by a federal district court.

With respect to federal prisoners such as Petitioner, Congress amended 28 U.S.C. § 2255, in pertinent part, as follows.

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1)    newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

28 U.S.C. § 2244 provides, in relevant part, as follows.

(3)   (A)   Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B)   A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C)   The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D)   The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E)   The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

(4)   A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

28 U.S.C. § 2244(b)(3),(4).

The Court of Appeals for the Third Circuit concluded that Dorsainvil could not file a second 2255 motion under the gate-keeping provisions because his claim did not rely on newly-discovered evidence and the Bailey decision did not establish a new rule of constitutional law; rather, it merely interpreted existing law. Because Dorsainvil was precluded from raising his Bailey claim in a second 2255 motion, his remedy under § 2255 was "ineffective or inadequate." Accordingly, the

court of appeals concluded that a petitioner in Dorsainvil's uncommon situation may resort to the writ of habeas corpus under 28 U.S.C. § 2241. Dorsainvil, 119 F.3d at 248. The court noted that relief under § 2241 was proper in this situation to avoid a miscarriage of justice because otherwise, a prisoner would not have an opportunity to challenge his conviction and, as a result, would be punished "for an act that the law does not make criminal." *Id*. at 251.

Petitioner, however, has not presented any basis that would allow him to proceed under 28 U.S.C. § 2241. In this regard, Petitioner seeks to invalidate his sentence relying on the Court of Appeals for the Second Circuit's interpretation of section 924(c)(1)(A)'s "except" clause in United States v. Whitley, 529 F.3d 150 (2d Cir. 2008). In this regard, 18 U.S.C. § 924(c)(1)(A) provides as follows:

> (c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime-
>
> > (i) be sentenced to a term of imprisonment of not less than 5 years;
> >
> > (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> >
> > (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A). The applicable sentence must run consecutively to any other term of imprisonment. See id. § 924(c)(1)(D)(ii).

The defendant in Whitley was subject to a mandatory minimum of 15 years imprisonment under 18 U.S.C. § 924(e). He also was subject to a mandatory consecutive sentence of 10 years

pursuant to section 924(c).  The Second Circuit held that, read literally, the "except" clause meant that he was subject only to the 15-year mandatory minimum of the Armed Career Criminal Act; the 10-year mandatory consecutive weapons sentence did not apply.  Whitley, 529 F.3d at 153.

Petitioner's claim is not that he was convicted of conduct later deemed to be noncriminal by a change in law; rather he seeks to be resentenced in accordance with Whitley and United States v. Williams, 558 F.3d 166 (2d Cir. 2009).  In a substantially similar action, the Court of Appeals for the Third Circuit roundly rejected a petitioner's application under 28 U.S.C. § 2241 to file such a claim.  *See* Jackson v. Yost, 348 Fed. App'x 730 (2009).  Because Jackson v. Yost precludes Petitioner from raising the sort of claim he seeks to bring in this action, he cannot seek relief pursuant to § 2241.  *Accord* Webb v. Martinez, Civil No. 09-CV-1824, 2010 WL 128315, 3 (M.D. Pa. Jan. 12, 2010).  An appropriate order follows.

### ORDER

**AND NOW**, this 21st day of June, 2010;

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED.**

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

cc:    Victor Paulino, 00859-748             /s Lisa Pupo Lenihan
       FCI Lorreto                           Lisa Pupo Lenihan
       P.O. Box 1000                         United States Magistrate Judge
       Loretto, PA 15940